## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHAAIRA ANTHONY** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | |
| v. | : | NO. 23-0814 |
| | : | |
| **TRANSUNION, LLC** | : | |
| *Defendant* | : | |

# M E M O R A N D U M

NITZA I. QUIÑONES ALEJANDRO, J.                                                                 MAY 3, 2023

Plaintiff Shaaira Anthony filed this *pro se* action against Transunion, LLC, asserting claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").  Currently before the Court are Anthony's Complaint ("Compl." (ECF No. 2)) and Motion for Leave to Proceed *In Forma Pauperis* (ECF No.1.)  For the reasons set forth, this Court will grant Anthony leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Anthony will be granted leave to file an amended complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Anthony alleges that Transunion compiled an unauthorized consumer report adverse to Anthony's interests, abusive to her character, and embarrassing to her reputation. (Compl. at 4.) Anthony further alleges that after being placed on notice of the violations, Transunion deleted adverse information from Anthony's credit report. (*Id.*)  Anthony asserts that Transunion has thus admitted "fault, negligence and non-compliance with the law," which allegedly resulted in injury to her. (*Id.*)  Anthony alleges that she has suffered defamation of her character, embarrassment,

---

[1]     The allegations set forth in this Memorandum are taken from Anthony's Complaint and the exhibits thereto. (ECF No. 2.) The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

anxiety, and stress as a result of Transunion's conduct and is seeking an apology and money damages. (*Id.* at 5.)

Attached to Anthony's Complaint is a handwritten page titled "Notice of Identity Theft" dated March 29, 2022, from Anthony addressed to Transunion Consumer Relations. (ECF No. 2-1 at 1.) The Notice indicates that Anthony has been a victim of identity theft. It further indicates that Anthony did not authorize adverse information to be included in any of her credit reports and demands removal of all adverse information. It also demands payment of fines. (*Id.* at 1, 5-6.) However, the letter does not identify any adverse information, does not state that any information included in the credit reports was inaccurate, or identify the recipient(s) of an inaccurate or unauthorized credit report.

Also attached to the Complaint are several pages from an April 28, 2022 letter from Transunion addressed to Anthony. (*Id.* at 2-4.) The first page of the letter reflects that Transunion had completed an investigation into a dispute submitted by Anthony. (*Id.* at 2.) The next two pages (pages five and six of the original letter) reflect that 13 disputed items were deleted from Anthony's credit report. (*Id.* at 3, 4.) The letter does not reflect the basis of the dispute submitted, how many items were originally disputed, or the reason that the disputed items were removed from Anthony's credit report. It is not clear whether the letter from Transunion is related to the Notice from Anthony.

## II.   STANDARD OF REVIEW

Because Anthony appears to be unable to pay the filing fee in this matter, this Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss a complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240

(3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Anthony is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.  DISCUSSION**

The Fair Credit Reporting Act or FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))). In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

The FCRA regulates the use of consumer reports and prohibits using or obtaining a consumer report for an impermissible purpose. *See* 15 U.S.C. § 1681b(f); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 334-35 (2016) (citing 15 U.S.C. §§ 1681a(d)(1)(A)-(C)). In other words, "Congress prohibited credit agencies from releasing consumer credit reports 'unless the release occurs for one of the permissible purposes set forth in 15 U.S.C. § 1681b(a).'" *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009) (quoting *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir. 2004)). The Act allows for disclosure in situations such as, when the consumer applies for credit, employment, insurance, or a license. *Id.* (internal citations omitted). Section 1681b also provides for "limited situations in which a consumer credit agency may furnish a consumer report even though the consumer has not initiated or authorized the release." *Id.* (citing *Cole*, 389 F.3d at 725).

Reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).[2]

Significantly, to proceed under § 1681e(b), a plaintiff must show that the reported information at issue was in fact inaccurate. *Bibbs v. Trans Union LLC*, No. 21-1350, 2022 WL

---

[2] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans*, 744 F.3d at 868 (3d Cir. 2014).

3149216, at *6 (3d Cir. Aug. 8, 2022); *see also Angino v. Trans Union LLC*, 784 F. App'x 67, 69 (3d Cir. 2019) ("To prevail under [a § 1681e(b) claim or a § 1681i(a) claim], the . . . [plaintiffs] must show that their credit report contains inaccurate information."); *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) ("As with § 1681e(b) claims, '[a] claim under 1681i will . . . fail if the consumer cannot show that the information in his or her file was inaccurate.") (citations omitted, alterations in original). "[I]nformation that is technically accurate but materially misleading is sufficient to trigger § 1681i(a), just as it is for § 1681e(b)." *Bibbs*, 2022 WL 3149216, at *6 (citing *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018)).  Additionally, the agency "may terminate a reinvestigation of information disputed by a consumer . . . if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

In liberally construing the allegations of the Complaint, it appears that Anthony may be seeking to assert claims based on Transunion's alleged noncompliance with 15 U.S.C. § 1681b, the section that regulates the disclosure of consumer information for a permissible purpose. Anthony appears to claim that Transunion violated her rights under the FCRA by compiling a credit report without her authorization, which was "adverse" to her interests and which caused her embarrassment.  (Compl. at 4.)  She does not identify any party to whom her credit report was furnished.  (*See id*.)

Section 1681b provides that a consumer reporting agency may furnish consumer reports under limited circumstances, one of which is "in accordance with the written instructions of the consumer to whom it relates." *See* 15 U.S.C. § 1681b(a)(2).  Nonetheless, § 1681b does not require a consumer's written consent for the issuance of a credit report in all instances.  The Act sets forth circumstances where no such consent is needed, such as in response to court orders, for

5

employment purposes, for insurance matters involving the consumer, or as is relevant here, when a consumer applies for credit.  *See* 15 U.S.C. §§ 1681b(a)(1), (3); *Huertas v. Citigroup, Inc.*, 639 F. App'x 798, 801 (3d Cir. 2016 ) (*per curiam*) ("The plain text of § 1681b(a)(3)(A) authorizes the access of credit reports when a consumer applies for credit."); *see also Mathews v. Verizon Commc'ns Inc.*, No. 19-21442, 2020 WL 5201407, at *8 (D.N.J. Sept. 1, 2020) ("[P]ursuant to the consumer's written instructions is not the only permissible purpose, and the statute goes on to outline various other permitted purposes, such as where the credit report is obtained to use the information in connection with a credit transaction involving the consumer or for employment purposes.  The statute is written in the disjunctive and does not require written authorization under all circumstances, rather, written authorization is one permissible circumstance for accessing an individual's credit report.").  Thus, even if Transunion furnished Anthony's consumer report, this does not constitute a violation of her rights under the FCRA, so long as Transunion had a permissible purpose for issuing the report.  *See, e.g.*, *Alejandro v. Experian*, No. 22-902, 2022 WL 3448237, at *3 (E.D. Pa. Aug. 17, 2022) (finding that Complaint failed to allege sufficient facts to plausibly state a claim for a violation of § 1681b because it failed to allege facts that would establish that Experian knowingly issued plaintiff's credit report without a legitimate purpose).

Anthony does not allege that Transunion furnished her credit report to another party, and if so, why.  Her § 1681b claim is conclusory and undeveloped and does not state a plausible claim.  The claim will be dismissed without prejudice and Anthony will be granted leave to amend her claim if she can cure the deficiencies identified.

Anthony may also be seeking to assert a claim based on Transunion's inclusion of inaccurate information in her credit report in violation of 15 U.S.C. § 1681e(b), the section that requires consumer reporting agencies to use reasonable procedures to assure that the information included in consumer credit reports is accurate.  As noted, Anthony alleges that Transunion

compiled consumer reports without her authorization that were adverse to her interests and embarrassing to her reputation. (Compl. at 4.) She further alleges that when placed on notice of alleged FCRA violations, Transunion deleted "all adverse information" from the report. (*Id.*) She attaches to her Complaint a letter from Transunion advising that in response to a dispute Anthony submitted, several items were removed from her credit report. (ECF No. 2-1 at 4-6.) Her claim under §§1681e(b) is also not plausible as pled and will be dismissed.

First, Anthony does not allege that her credit report included any inaccurate information, merely that it included "adverse" information. (Compl. at 4.) Although she includes a letter from Transunion advising that it removed several items from her credit report in response to a dispute she submitted, the Court cannot infer from this letter that the items were removed because they were inaccurate. *See Covington v. Equifax Information Servs., Inc.*, No. 18-15640, 2020 WL 1921954, at *6 (D.N.J. Apr. 20, 2020) (denying leave to amend complaint where proposed amended complaint, to which presumably related correspondence was attached, did not "state factually how, why, or in what manner" any information in the plaintiff's credit report was inaccurate, or provide any explanation as to the relationship between the allegations in the proposed amended complaint and the attached correspondence). Additionally, Anthony does not include any allegations relating to any failure on Transunion's part to follow reasonable procedures to ensure accuracy in information included in credit reports. Anthony's § 1981e(b) claim will accordingly be dismissed without prejudice as not plausible. She will be granted leave to amend this claim as well if she can cure the deficiencies identified.

### IV.   CONCLUSION

For the reasons stated, the Court will grant Anthony leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Anthony

will be granted leave to file an amended complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows.


*NITZA I. QUIÑONES ALEJANDRO, J.*